Mosely *vs.* Hogg.

---

MARY A. MOSELY, administratrix, plaintiff in error, *vs.* WILLIAM HOGG, defendant in error.

(MONTGOMERY, Justice, did not preside in this case, having come upon the Bench since it was argued. The decision was reserved from July Term, 1871, to await the ruling of the Supreme Court of the United States, in the case of White *vs.* Hart, 13 Wallace, 646.)

The seventeenth section of the fifth Article of the Constitution of 1868, which declares that "No Court or officer shall have, nor shall the General Assembly give jurisdiction to try, or give judgment on, or enforce any debt, the consideration of which was a slave or slaves, or the hire thereof," is in violation of the tenth section of the first Article of the Constitution of the United States, and is therefore null and void.

Constitutional law.  Slave debt.  Before Judge HARVEY.
Polk Superior Court.  February Term, 1871.

For the facts of this case, see the decisions.

THOMPSON & TURNER; E. N. BROYLES, for plaintiff in
error.

H. BLANCE, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the
defendant on a promissory note, dated 13th November, 1861.
The defendant pleaded to the action, and alleged in his plea
that the note was given for the hire of a negro slave named
George, belonging to one Newman, who was hired to work
in a blacksmith shop, and that the consideration of the note
was given for the services of said negro, and that since said
note was given the collection of such claims has been declared
to contravene the policy of the law; wherefore, he asks that
said suit be dismissed.

The plaintiff demurred to the defendant's plea, on the
ground that the seventeenth section of the fifth Article of
the Constitution of this State, adopted in 1868, which denies
jurisdiction to the Courts of this State of the plaintiff's de-
mand is in violation of the tenth section of the first Article
of the Constitution of the United States, and is void—which
demurrer was overruled by the Court, and the plaintiff ex-
cepted.  The plaintiff's counsel admitted that under the evi-
dence offered at the trial, that the consideration of the note
was for the hire of a slave.  The defendant then moved the
Court to dismiss the plaintiff's action, on the ground that
the Court had no jurisdiction of the case, which motion was
granted by the Court, and the plaintiff excepted.

The seventeenth section of the fifth Article of the Consti-
tution of 1868 declares, that "no Court or officer shall have,

Mosely *vs.* Hogg.

nor shall the General Assembly give jurisdiction or authority to try, or give judgment on, or enforce any debt, the consideration of which was a slave or slaves, or the hire thereof." By the tenth section of the first Article of the Constitution of the United States, it is declared, that "no State shall pass any law impairing the obligation of contracts." The seventeenth section of the fifth Article of the Constitution of 1868, denying to the Courts jurisdiction to enforce the collection of the plaintiff's debt, not only *impaired* the obligation of his contract but *annihilated* and *destroyed* it, because it denies to him any and all remedy to enforce that obligation against the defendant. The seventeenth section of the fifth Article of the Constitution of 1868, so far as it affects the obligation the plaintiff's contract in this case, denying to him any and all remedy to enforce it against the defendant, is in violation of the tenth section of the first Article of the Constitution of the United States, and is, therefore, *null and void.*

Let the judgment of the Court below be reversed. (See dissenting opinion of WARNER, Judge, in White *vs.* Hart, 39 Georgia Reports, 307.)

McCAY, Judge, concurring.

I concur in the judgment of refusal on the sole ground, that the Supreme Court of the United States having decided in the case of White *vs.* Hart, that the seventeenth section Article fifth of the Constitution of 1868 is void, this Court is bound to conform its judgment to the decision and judgment of the appellate tribunal having jurisdiction of the question.